UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **FRANCISCO ROSA,** *Plaintiff,* against, **ASSOCIATED FABRICATION, LLC, WILLIAM MOWAT and JEFFREY TARAS,** *Defendants.* | CIVIL CASE NO.: **COLLECTIVE ACTION COMPLAINT** <u>Jury Trial Demanded</u> |

Plaintiff Francisco Rosa ("Rosa"), referred to as "Plaintiff", by his undersigned attorney, for their Complaint against the defendants Associated Fabrication, LLC ("Associated Fabrication"), William Mowat ("Mowat") and Jeffrey Taras ("Taras") (collectively "Defendants") allege as follows:

**PRELIMINARY STATEMENT**

1. This is an action for overtime pay, unpaid wages and other relief brought under the Fair Labor Standards Act, 28 U.S.C. § 201 et seq. ("FLSA") and Article 6 and Article 19 of the New York Labor Law ("NYLL"). This lawsuit seeks to recover unpaid overtime compensation, spread of hours payments, and penalties for failure to provide proper wage notices and wage payment stubs.

2. Commencing in March 2015 and continuing to July 2015, Rosa was employed by Defendants as a Fabricator at Associated Fabrication, a fabrication company. In willful and

1

conscious disregard of the law, Defendants failed to pay to Rosa for the overtime work he performed. Further, Defendants failed to compensate Rosa with proper "spread of hours" payments and failed to provide Rosa with proper wage notices and wage statements as required by the NYLL. For these willful violations of the NYLL, Defendants are liable to Rosa, jointly and severally, for back pay, liquidated damages, penalties and attorney's fees and costs.

## PARTIES

3. Rosa is an individual and is, and at all times relevant to this Complaint, has been a resident of the State of New York, the City of New York, County of Kings.

4. Associated Fabrication is a New York domestic limited liability company, formed in 2005.

5. Mowat is an individual and a resident of the State of New York, and upon information and belief, the City of New York, County of Kings.

6. Mowat is identified with the New York State Department of State, Division of Corporations, as the Chief Executive Officer of Associated Fabrication.

7. Taras is an individual and a resident of the State of New York, and upon information and belief, the City of New York, County of Kings.

8. Taras is identified with the New York State Department of State, Division of Corporations, as the Principal Executive Officer of Associated Fabrication.

9. Associated Fabrication does business and is located at 72 North 15th Street, Brooklyn, New York 11222.

10. At all relevant times, Mowat was the owner/operator/manager of Associated Fabrication.

11. At all relevant times, Mowat had the discretionary authority to create and enforce personnel decisions on behalf of Associated Fabrication, including but not limited to: hiring and terminating employees, setting wages, authorizing issuance of wages, maintaining employee records, and otherwise controlling the terms and conditions of employment for Rosa and all other employees of Associated Fabrication.

12. At all relevant times, Taras was the owner/operator/manager of Associated Fabrication.

13. At all relevant times, Taras had the discretionary authority to create and enforce personnel decisions on behalf of Associated Fabrication, including but not limited to: hiring and terminating employees, setting wages, authorizing issuance of wages, maintaining employee records, and otherwise controlling the terms and conditions of employment for Rosa and all other employees of Associated Fabrication.

## JURISDICTION AND VENUE

**Federal Question Jurisdiction and Supplemental Jurisdiction:**

14. This Court has original subject matter jurisdiction over this action under 28 U.S.C. § 1331 because the civil action herein arises under the laws of the United States, namely the FLSA.

15. Associated Fabrication is an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA.

16. Plaintiff, and all others employed by Defendants, are "employees" within the meaning of the FLSA.

17. This Court has supplemental jurisdiction over Plaintiff's state law claims under 29 U.S.C. § 1367.

**Personal Jurisdiction:**

18. This Court has personal jurisdiction over Defendants because Defendants engage in business and/or reside in the State of New York and within the Eastern District of New York.

**Venue**

19. Venue is proper in the Eastern District of New York under 29 U.S.C. §1391(b)(1) and (2) because Defendants conduct business and reside in this judicial district and because the acts and omissions giving rise to the claims set forth herein occurred in this judicial district.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

20. Plaintiff brings this action for violations of the FLSA pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons presently or formerly employed by Defendants in non-exempt positions subject to Defendants' unlawful overtime pay practices and policies described herein and who worked for Defendants at any time in the three (3) year period preceding the date the instant action was initiated.

**FACTS**

**Associated Frabrication's Business**

21. In 2005, Associated Fabrication was founded.

22. From the time of its opening to the present, Associated Fabrication's hours of operations are as follows: Monday through Fridays 9 a.m. to 6 p.m.

23. However, Associated Fabrication will remain open late or open early in order to complete projects on schedule.

24. From the time of its opening to the present, Associated Fabrication is a full-service digital fabrication and architectural millwork company serving architects, contractors, furniture makers, artists and students in New York City and around the country.

25. Associated Fabrication designs and produces furniture for fortune 500 companies.

26. Associated Fabrication grossed in excess of $500,000.00 in the year 2015.

## ROSA'S FACTS

### Rosa's Hire by Mowat

27. On or about March 2, 2015, Mowat hired Rosa for the position of Fabricator at Associated Fabrication.

28. Mowat established Rosa's work schedule at the time of his hire, and thereafter adjusted his work schedule on as needed basis through the entirety of the period of Rosa's employment by Associated Fabrication.

29. Mowat established the work schedule of all other employees of Associated Fabrication.

30. Mowat determined the rate and method by which Rosa was compensated.

31. Mowat determined the rate and method by which all other employees of Associated Fabrication were compensated.

32. Mowat maintained all employment records related to Rosa.

33. Mowat maintained all employment records related to all other employees of Associated Fabrication.

34. Mowat was a majority shareholder of Associated Fabrication.

### Rosa's Hire by Taras

35. On or about March 2, 2015, Tara hired Rosa for the position of Fabricator at Associated Fabrication.

36. Taras established Rosa's work schedule at the time of his hire, and thereafter adjusted his work schedule on an as needed basis through the entirety of the period of Rosa's employment by Associated Fabrication.

37. Taras established the work schedule of all other employees of Associated Fabrication.

38. Taras determined the rate and method by which Rosa was compensated.

39. Taras determined the rate and method by which all other employees of Associated Fabrication were compensated.

40. Taras maintained all employment records related to Rosa.

41. Taras maintained all employment records related to all other employees of Associated Fabrication.

42. Taras was a majority shareholder of Associated Fabrication.

### Rosa's Schedule

43. At various times during his employment with Associated Fabrication, Defendants suffered or permitted Rosa to work more than forty (40) hours during a workweek.

44. Rosa's usual work schedule varies on a daily basis however at minimum from the commencement of his employment his schedule has been as follows: Monday through Friday from between 8:00am and 9:00 am through 4:00pm and 5:00pm.

45. Thus, during those workweeks in which he worked his usual schedule, Rosa has worked a minimum of Seven (7) hours on each day worked.

46. However, depending on the day, Rosa would be required to report to work as early as 7:00am.

47. However, depending on the day, Rosa would be required to stay at work until as late as 12:00am.

48. However, depending on the project, Rosa would be required to travel to other cities and spend the night there.

49. Rosa was required to travel to Washington D.C.

50. During the times Rosa was required to travel for work he would be working 24 hours in a day.

51. Notwithstanding the requirement of the New York Wage Theft Prevention Law that employees be provided with a statement of their wage arrangement, Defendants failed to provide Rosa with such statements at such times that provision of such statements has been required by the NYLL.

### Rosa's Terms of Compensation

52. At the time of Rosa's hire, Mowat informed Rosa that his compensation would consist of two components: (i) an hourly wage and (ii) overtime.

53. At the time of Rosa's hire, Taras informed Rosa that his compensation would consist of two components: (i) an hourly wage and (ii) overtime.

54. At the time of Rosa's hire, Mowat informed Rosa that his compensation would consist of two components: (i) an hourly wage of $15.00 per hour and (ii) overtime.

55. At the time of Rosa's hire, Taras informed Rosa that his compensation would consist of two components: (i) an hourly wage of $15.00 per hour and (ii) overtime.

56. Upon information and belief, all employees employed at Associated Fabrication were compensated in the same manner as Rosa, as described in paragraphs 52 and 53 of this Complaint.

57. Notwithstanding the requirement of the New York Wage Theft Prevention Law that employees be provided with a statement of their wage arrangement, Defendants failed to provide Rosa with such statements at such times that provision of such statements has been required by the NYLL.

**The Manner by Which Defendants Calculated Rosa's Gross and Net Wages**

58. From in or about March 2015 through the remainder of his employment with Associated Fabrication, Rosa'a pay was provided to him approximately on the day of the conclusion of the payroll period.

59. On the date in which each payroll check was given to Rosa, Defendants provided him with a check and pay stub which purported to represent the gross pay for that payroll period and net pay for that payroll period.

60. Each pay stub provided to Rosa supposedly reflected an amount attributable to "Hours" for that pay period.

61. The pay stub provided to Rosa did not reflect the number of overtime hours worked by Rosa for during the payroll period.

62. The supposed "Hourly" rate made to Rosa during each pay period was consistent from one pay period to another regardless of the amount of hours worked in excess of 40 hours per week.

63. Defendants did not provide Rosa with overtime compensation for those workweeks in which Rosa worked more than 40 hours.

64. Upon information and belief, Defendants did not provide any employees with overtime compensation for those workweeks in which they worked more than 40 hours.

65. Rosa was classified as a non-exempt employee.

66. Other employees were classified as non-exempt employees.

67. Pursuant to the FLSA and the NYLL, Defendants were and are required to make, keep and preserve records of employee wages, hours and employment conditions.

68. Defendants failed to maintain such records of employee wages, hours and employment conditions, with respect to Rosa or with respect to any other employees.

**The Cessation of Rosa's Employment**

69. Rosa ceased working for Defendants effective July 14, 2015.

**FIRST CAUSE OF ACTION (On Behalf of Plaintiff and FLSA Collective, Against All Defendants - Failure to Pay Overtime Compensation - FLSA)**

70. Plaintiff and the FLSA Collective reallege and reassert each and every allegation set forth in paragraphs 1 through 69 of this Complaint as if fully set forth herein.

71. The overtime compensation provisions set forth in the FLSA and the regulations thereunder promulgated by the United States Department of Labor apply to Defendants and protect Plaintiff and the FLSA Collective.

72. Defendants have failed to pay Plaintiff and the FLSA Collective overtime compensation for all time in excess of forty (40) hours worked in any workweek.

73. Defendants' violation of the overtime provisions of the FLSA were willful and intentional, entitling Plaintiff and the FLSA Collective to unpaid overtime compensation for a period of three years from the date of commencement of this action.

74. As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorney's fees, costs, and other relief pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION (On Behalf of Plaintiff, Against All Defendants - Failure to Pay Overtime Compensation - NYLL)**

75. Plaintiff reallege and reassert each and every allegation set forth in paragraphs 1 through 74 of this complaint as if fully set forth herein.

76. Pursuant to Article 19 of the NYLL and the regulations of the New York State Department of Labor, Hospitality Wage Order (the "Hospitality Wage Order"), at 12 NYCRR § 146-1.4, Defendants are required to pay overtime compensation to each of its employees for all hours worked over forty (40) in any workweek.

77. Defendants willfully failed to pay Plaintiff overtime compensation for overtimes he worked, as required by Article 19 of the NYLL and 12 NYCRR § 146-1.4.

78. Claims for violation of Article 19 of the NYLL are governed by a six (6) year statute of limitations.

79. As a result of Defendants' willful violations of the NYLL, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorney's fees, costs, and other relief pursuant to the NYLL.

### THIRD CAUSE OF ACTION (On Behalf of Rosa, Against All Defendants -- NYLL – Spread of Hours Pay)

80. Plaintiff reassert and reallege each and every allegation set forth in paragraphs 1 Through 79 of this Complaint as if fully set forth herein.

81. On the majority of days during the period of his employment by Defendants, Rosa worked with the consequence that the conclusion of his workday was more than ten (10) hours after the commencement of his shift.

82. On those days on which Rosa worked more than ten (10) hours, Rosa is entitled to a "spread of hours" payment equal to one (1) hour's pay at the basic minimum wage, in accordance with the NYLL.

83. Defendants have willfully failed to pay to Rosa the "spread of hours" pay as required by the NYLL.

84. Upon information and belief, Defendants have willfully failed to pay to other employees the "spread of hours" pay as required by the NYLL.

85. Claims for violation of the NYLL are subject to a six (6) year statute of limitation.

86. Due to Defendants' violations of the NYLL, Rosa is entitled to recover his unpaid "spread of hour" wages, liquidated damages as provided by the NYLL, reasonable attorney's fees and costs, and prejudgment and post-judgment interest.

### FOURTH CAUSE OF ACTION (On Behalf of all Rosa, against All Defendants -- NYLL § 195 - Recordkeeping Violations)

87. Plaintiff reasserts and realleges each and every allegation set forth in paragraphs 1 through 86 of this Complaint as if fully set forth herein.

88. Defendants are, singly or collectively, employers under the NYLL subject to the provisions of NYLL Section 195 (the "Wage Theft Prevention Law") pursuant to which, Defendants were required to provide Rosa at the time of hiring and each subsequent year, in the form promulgated by the New York State Department of Labor, with a notice of his regular rate of pay, overtime rate, designated pay day, the name and address of the employer including the employer's "doing business as" name, and other information.

89. At the time of hire, Defendants failed to provide Rosa with the required annual wage notice, in accordance with the Wage Theft Prevention Law.

90. In addition, Defendants failed to provide Rosa with the wage notice required to be provided in accordance with the Wage Theft Prevention Law.

91. Upon information and belief, Defendants failed to provide employees with the wage notice required to be provided in accordance with the Wage Theft Prevention Law.

92. Due to Defendants' failure to provide to Rosa the required wage notice in Rosa is entitled to recover from Defendants fifty dollars ($50.00) for each work week that the violation occurred or continued to occur, up to a total of twenty-five hundred dollars ($2,500.00), as provided by NYLL § 198(1)-d, along with reasonable attorney's fees and costs and injunctive/declaratory relief.

**FIFTH CAUSE OF ACTION (On Behalf of Rosa, Against All Defendants --NYLL § 195 - Recordkeeping Violations)**

93. Plaintiff reasserts and realleges each and every allegation set forth in paragraphs 1 through 92 of this Complaint as if set forth herein.

94. Pursuant to the NYLL Defendants were and are required to provide each employee with a statement, commonly referred to as a pay stub, setting forth hours worked, wages paid, gross wages, credits claimed, deductions, and net pay.

95. During Rosa's employment and continuing to date, Defendants have not provided Rosa with a wage statement that accurately set forth the number of hours worked by Rosa during the payroll period, the hourly rate of pay for the "Regular Wages" paid to him, and an accurate and proper payment of such "Regular Wages."

96. During Rosa's employment and continuing to date, Defendants have not provided Rosa with wage statements that accurately set forth his gross wages earned during that pay period.

97. Due to Defendants' failure to provide to Rosa accurate wage statements, Rosa is entitled to recover from Defendants one hundred dollars ($100.00) for each inaccurate wage statement up to a total of twenty-five hundred dollars ($2,500.00), along with attorney's fees and costs and injunctive/declaratory relief.

98. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff, and those similarly situated employees, have been damaged in the loss of minimum wages for one or more weeks of work with Defendants.

WHEREFORE, Plaintiff, individually and on behalf of all similarly situated persons, seek the following relief:

    A. that, at the earliest possible time, Plaintiff is allowed to give notice of this collective action, or that the Court issue such notice, to all employees who are presently, or have during the three years immediately preceding the filing of this

lawsuit, up to and including the date of the Court's issuance of court supervised notice, been employed by Defendants as non-exempt employees, such notice to inform them that this lawsuit has been filed, of the nature of the action, and of their right to join this action if they believe they were denied wages in violation of the FLSA or the NYLL;

B. that the Court award to Plaintiff and to members of the FLSA Collective all overtime compensation to which they are entitled under the FLSA, along with liquidated damages, attorney's fees and costs, and pre-judgment and post-judgment interest;

C. That the Court award to Plaintiff overtime compensation to which they are entitled under the NYLL, along with liquidated damages, attorney's fees and costs, and prejudgment and post-judgment interest;

D. that the Court award to Plaintiff all "spread of hours" payments to which they are entitled pursuant to the NYLL, along with liquidated damages, attorney's fees and costs, and pre-judgment and post-judgment interest;

E. that the Court award to Plaintiff statutory penalties for failure to provide wage notices in accordance with the Wage Theft Prevention Law, along with attorney's fees and costs;

F. that the Court award to Plaintiff statutory penalties for failure to provide accurate wage statements in accordance with the Wage Theft Prevention Law, along with attorney's fees and costs;

G. that the Court provide injunctive and declaratory relief to restrain and prevent Defendants from engaging in further violations of the FLSA and/or the NYLL; and

H. that the Court provide such other and further relief as the Court deems necessary or appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully pray that this Court enter a judgment in their favor as requested above.

## REQUEST FOR JURY TRIAL

Plaintiff respectfully demand a trial by jury in this action.

Dated: New York, New York
January 6, 2017

    Respectfully submitted.
    Matthew J. Salimbene, P.C.
    *Attorneys for the Plaintiff(s)*

    _____
    Matthew J. Salimbene, Esq.
    900 Third Avenue, Suite 1801
    New York, New York 10022
    P: (212) 935-2060
    F: (646) 783-3688

## NOTICE OF CONSENT TO JOIN, PURSUANT TO 29 U.S.C. § 216(b)

### Fair Labor Standards Act Consent Form

I, Francisco Rosa, <u>consent to be a party in a lawsuit against</u> Associated Fabrication, LLC and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b). I hereby designate Matthew J. Salimbene, PC to represent me in such a lawsuit.

Dated: January 5, 2017

_____
Francisco Rosa

50 Manhattan Ave
Apt. 1B 11206
Address

347 248 8482
Telephone